IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD DARNELL CEPHUS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4612 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Texas state inmate Ronald Darnell Cephus, Jr., representing himself, filed a petition for a writ of habeas corpus challenging the results of a prison disciplinary proceeding. Cephus contends that he was disciplined without due process. The penalties imposed included loss of privileges, reduction in time-earning status, and loss of good-time credit.

The federal habeas corpus statute allows this court to:

> entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

The loss of privileges has no effect on the duration of Cephus's confinement and does not provide a basis for habeas relief. The reduction in time-earning status also does not provide a basis for habeas corpus relief. "[T]he timing of [petitioner]'s release is too speculative to afford him a

constitutionally cognizable claim to the 'right' to a particular time-earning status . . . ." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Good-time credit can be relevant to a prisoner's release to mandatory supervision. "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5). A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a).

Cephus was ineligible for release to mandatory supervision because he was previously convicted of first-degree felony aggravated robbery. *See* Respondent's Motion for Summary Judgment, Exhibit A; Tex. Gov't Code § 508.149(a)(12). Because Cephus is ineligible for mandatory supervision, the loss of good-time credit does not affect the duration of his confinement, and habeas corpus relief is not available on this claim.

Cephus has not requested a certificate of appealability, but this court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*."). A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Cephus has not stated a claim for habeas corpus relief. Cephus has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

The respondent's motion for summary judgment, (Docket Entry No. 12), is granted, Cephus's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice, and no certificate of appealability is issued.

SIGNED on October 8, 2020, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge